UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of a class of others similarly situated, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07-2825 STA ) |
| DR. WILLIE W. HERENTON, et al. | ) ) |
| Defendants. | ) ) |

---

### ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

---

Before the Court are Defendant Larry Godwin's Motion to Dismiss (D.E. # 36) filed on April 8, 2008; Defendants' AC Wharton, Jr., Mark H. Luttrell, Jr., William R. Key, Chris Turner, Frank Cooper, Harvey Henderson, Helen R. Wren First Motion to Dismiss (D.E. # 39) filed on April 10, 2008; and Defendant Willie W. Herenton's Motion to Dismiss (D.E. # 41) filed on April 27, 2008. Plaintiffs filed a Consolidated Response to all three Motions to Dismiss (D.E. # 46) on May 27, 2008. For the reasons set forth below, the Motions are **GRANTED**.

### BACKGROUND

Plaintiffs John Does 1 and 2 and Jane Doe and other Class Members ("Plaintiffs") brought this putative class action pursuant to 42 U.S.C. §§ 1981 and 1983 alleging violations of their individual privacy rights guaranteed by the U.S. Constitution.[1] Plaintiffs are individuals

---

[1] The Amended Complaint states that Plaintiffs bring suit under sections 1981 and 1983. Am. Compl. ¶ 6. However, as Defendants point out, Plaintiffs have not made any allegations pertaining to section 1981. Defs. Wharton et al. Mot. Dismiss, 2-3.

1

who either were arrested and released without charge or were arrested and (a) the charge was dismissed; (b) a no true bill was returned by a grand jury; or (c) a verdict of not guilty was returned, whether by the judge following a bench trial or by a jury.  Plaintiffs petitioned for and received Orders for the Expungement of Criminal Trial Records pursuant to Tenn. Code Ann. § 40-32-101.  Additionally, Tenn. Code Ann. § 40-32-102 requires that "[t]he chief administrative official of the municipal, county or state agency and the clerk of the court where the records are recorded shall remove and destroy the records within a period of sixty (60) days from the date of filing a petition authorized by § 40-32-101."  However, Plaintiffs allege that the appropriate authorities failed to comply with the orders of expungement and never removed and destroyed the court records as required by Tennessee law.  Plaintiff has named the following government officials in both their individual and official capacities as Defendants: Dr. Willie W. Herenton, Mayor of Memphis, Tennessee; Larry A. Godwin, Director of Police Services, City of Memphis, Tennessee; AC Wharton, Jr., Mayor of Shelby County, Tennessee; Mark H. Luttrell, Jr., Shelby County Sheriff; Helen R. Wren, Commanding Officer of the Shelby County Sheriff's Office Records and Identification Bureau; William R. Key, Court Clerk of the Shelby County Criminal Court; Chris Turner, Court Clerk of the General Sessions Court of Shelby County, Tennessee; Frank Cooper, Chief Administrative Officer of the General Sessions Court of Shelby County, Tennessee; Harvey Henderson, Administrator of the Criminal Division of the General Sessions Court of Shelby County, Tennessee.[2]

     As a result of this omission, Plaintiffs contend that they have been denied due process

---

[2] Plaintiff's Complaint was amended to add claims against these officials in their respective individual capacities.

and had their Fourteenth Amendment rights violated. In addition to monetary damages under section 1983, Plaintiffs also seek a declaratory judgment that in failing to remove and destroy public records within a period of sixty (60) days from the date of filing by Plaintiffs of petitions authorized by Tennessee law, Defendants violated Plaintiffs' statutory rights and their Fourteenth Amendment and due process rights under the United States Constitution. Furthermore, Plaintiffs seek injunctive relief in the form of an Order requiring Defendants to remove and destroy the public records of Plaintiffs.

The only responsive pleadings filed by Defendants to date are the three Motions to Dismiss before the Court. Because the Motions raise similar issues of law and because Plaintiff has elected to file a consolidated response to all three, the Court will consider the merits of each.

First, Defendant Larry A. Godwin, Director of Police Services for the City of Memphis, ("Director Godwin") filed a Motion to Dismiss the individual capacity claims against him pursuant to Fed. R. Civ. P. 12(b)(6). Director Godwin argues that Tenn. Code Ann. § 40-32-101 does not create a cause of action for its violation. Director Godwin also denies that he is liable to Plaintiffs in his individual capacity citing the law of qualified immunity as well as two orders dismissing him as a defendant in his individual capacity in two earlier, separate cases in this Court.

Second, Defendant Dr. Willie W. Herenton, Mayor of Memphis, Tennessee ("Mayor Herenton") has filed his own Motion to Dismiss the individual capacity claims asserted against him. Like Director Godwin, Mayor Herenton contends that the doctrine of qualified immunity shields him from any liability in his individual capacity. Mayor Herenton also argues that Plaintiffs have failed to state a claim against him in his supervisory capacity. In fact, Plaintiffs

do not address the fact that the court records in question are maintained in the Shelby County court system, not the Memphis courts. On its face, Plaintiffs' Amended Complaint fails to state how Mayor Herenton "authorized, approved, or knowingly acquiesced in the allegedly unconstitutional conduct of the Shelby County court officials." Therefore, Mayor Herenton seeks the dismissal of all claims against him.[3]

The third and final Motion to Dismiss before the Court seeks the dismissal of all claims against Defendants AC Wharton, Jr., Mark H. Luttrell, Jr., Helen R. Wren, William R. Key, Chris Turner, Frank Cooper, and Harvey Henderson ("the Shelby County Defendants"). Like Director Godwin and Mayor Herenton, the Shelby County Defendants argue that their qualified immunity insulates them from all claims against them in their individual capacities. The Shelby County Defendants also point out that Plaintiff's Amended Complaint does not state a claim under section 1981 and makes no allegation against William R. Key, the Shelby County Criminal

Court Clerk. Thus, any 1981 claim and any claim against Key must be dismissed. As for Plaintiffs' section 1983 claims, the Shelby County Defendants assert that there is no fundamental privacy interest in one's criminal arrest records under the U.S. Constitution the violation of which would give rise to a section 1983 action. Furthermore, Plaintiffs' allegations amount to negligence or at most gross negligence but are not violations of a fundamental liberty interest protected by the Constitution. Violations of state statutes such as Tenn. Code Ann. § 40-32-101

---

[3] Although the style of Mayor Herenton's Motion seeks the dismissal of the individual capacity claims against him, the Motion in its prayer seeks an "Order dismissing Plaintiffs' claims against him." In light of the fact that Mayor Herenton's Motion attacks the individual as well as the official capacity claims against him, the Court will construe the Motion as one to dismiss both claims.

do not give rise to section 1983 claims. As for Plaintiff John Doe 1, the Shelby County Defendants argue that the applicable statute of limitations, in this case one year, has expired due to the fact that John Doe 1's order of expungement was entered three years before suit was filed. In addition, the Shelby County Defendants assert that under Tennessee law, Mayor Wharton and Sheriff Luttrell and the Shelby County Sheriff's Department have no authority to direct the General Sessions and Criminal Court Clerks. Therefore, all of Plaintiffs claims against the Shelby County Defendants are without merit and should be dismissed.

In their Consolidated Response in Opposition to the three Motions to Dismiss, Plaintiffs maintain that they have a viable section 1983 action. Plaintiffs argue that while the criminal arrest records in question were public, they essentially became private following the entry of the orders of expungement. Therefore, the Defendants failure to remove the records from public access violated the Plaintiffs' constitutionally-protected privacy interests. Plaintiffs' ably discuss the evolution of the right to privacy as the Supreme Court has found privacy rights in a variety of contexts and carved out "zones of privacy" limiting the state's power to act in certain ways. Within that framework, Plaintiffs believe that there is a fundamental right to privacy in one's criminal court records once there is an order in place directing that those records be expunged. In support Plaintiffs discuss *Whalen v. Roe*, 429 U.S. 589 (1977) and *Nixon v. Administrator of General Services (A.G.S.)*, 433 U.S. 425 (1977). In *Whalen* and *Nixon*, the Court recognized that its own jurisprudence had found privacy rights in two general categories: the individual interest in avoiding disclosure of personal matters, and the interest in independence in making certain kinds of important decisions. According to Plaintiffs, both cases develop the corollary that "strong governmental interests would be necessary to justify more

5

severe intrusion on confidential matters involving the general public." Applying those principles to the case at bar, Plaintiffs believe that they have demonstrated a deprivation of the constitutional privacy interest without any strong governmental interest in failing to expunge the records of Plaintiffs.[4]

Plaintiffs attempt to distinguish two other cases which they argue could be construed against their claim: *Paul v. Davis*, 424 U.S. 693 (1976) and *Bird v. Summit County, Ohio*, 730 F.2d 442 (6th Cir. 1984). Plaintiff argues that there are serious factual distinctions in *Paul* where the Supreme Court found no violation of the plaintiff's privacy rights. In that case, the plaintiff asserted that a local police flyer containing his name and likeness with the caption "Active Shoplifters" violated his privacy rights. The *Paul* plaintiff was charged with shoplifting but had no order of expungement to remove the charge from the public records. As for *Bird*, Plaintiffs contend that the Sixth Circuit only held that the state's failure to expunge a criminal record presented a question of state law, not the deprivation of a constitutional right to privacy. According to Plaintiffs, the *Bird* court never reached the issue of whether there was a right to privacy that Defendants breached by failing to expunge records. Therefore, it is inapposite to the case at bar.

Turning to the issue of qualified immunity, Plaintiffs claim that they have made the necessary showing to state a claim against the named Defendants. First, Plaintiffs have shown

---

[4] Plaintiffs also discuss at length cases from other Circuits where privacy interests were analyzed: *Plante v. Gonzalez*, 575 F.2d 1119 (5th Cir. 1978), cert. denied, 439 U.S. 1129 (1979); *Fadjo v. Coon*, 633 F.2d 1172, 1175-76 (5th Cir. 1981); and *United States v. Westinghouse Electric Corp.*, 638 F.2d 570 (3d Cir. 1980).

6

that there was a violation of the federally-protected right to privacy. Second, the right in question was clearly established by federal case law as well as by the Tennessee code provisions setting forth the expungement procedures. As a result, none of the Defendants could have believed that their failure to expunge Plaintiff's records was lawful.

Plaintiff also address a number of other issues raised in Defendants' Motions. Plaintiffs argue that John Doe 1 did file his claim within the one-year statute of limitations applicable to section 1983 claims filed in Tennessee. Although John Doe 1 filed on December 20, 2007, more than one year after the entry of the order of expungement in his case on November 23, 2004, John Doe 1 did not discover the failure of the courts to expunge his record until December 22, 2006. Therefore, under the discovery rule, John Doe 1's cause of action did not accrue until December 22, 2006, the date on which he discovered that the records had not been expunged. Next Plaintiffs contend that the Shelby County Defendants have failed to cite any authority for the proposition that Mayor Wharton, Sheriff Luttrell, and the Shelby County Sheriffs Department have no authority over the Shelby County Court Clerks. As for the dismissal of the claims against the Criminal Court Clerk, Plaintiffs state that a motion to dismiss under Rule 12(b)(6) is not the proper, but rather the trier of fact should determine whether the clerk violated his duties.

Finally, Plaintiffs concede that all Defendants should be dismissed in their individual capacities only.

**LAW**

A motion to dismiss under Rule 12(b)(6) tests whether a claim has been adequately stated in the Complaint. Rule 8(a) requires the pleader to set forth a short and plain statement of the claim showing an entitlement to relief. In evaluating a motion to dismiss under Rule 12(b)(6), all allegations in the complaint are taken as true and the complaint is construed liberally in favor of the party opposing the motion to dismiss.[5] A motion to dismiss under Rule 12(b)(6) is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[6] A complaint should not be dismissed because it does not state all the elements giving rise to a legal basis of recovery or because plaintiff misconceived the proper theory or claim if plaintiff is entitled to relief under any theory.[7] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[8]

**ANALYSIS**

*I. Section 1981 Claim*

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall

---

[5] *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976) (holding that "[a]ll a complaint need do is afford the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[6] *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984) (citing *Conley*, 355 U.S. at 45-46); *Allard v. Weitzman (In re Dolorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993).

[7] *Myers v. United States*, 636 F.2d 166, 169 (6th Cir. 1981).

[8] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

have the same right in every State and Territory to make and enforce contracts."[9] The statute defines "make and enforce contracts" to include the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."[10] The statute elaborates, "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."[11]

Section 1981 provides a remedy for any violation of the rights it guarantees by private actors or government officials acting in their individual capacity.[12] Otherwise, the Supreme Court has held that "the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 " when the claim is asserted against a state actor in his official capacity.[13]

In this matter, Plaintiffs have pled that their case was "filed to obtain compensatory damages and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. §§ 1981 & 1983."[14] From the Court's reading, this is the only place in the Amended Complaint

---

[9] 42 U.S.C. § 1981(a).

[10] 42 U.S.C. § 1981(b).

[11] 42 U.S.C. § 1981(c).

[12] *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

[13] *Jett,* 491 U.S. at 735. *See also Grinter v. Knight*, 2008 WL 2444809, *7 (6th Cir. 2008).

[14] Am. Compl., ¶ 6.

where Plaintiffs plead a cause of action under section 1981. The Shelby County Defendants have moved to dismiss any section 1981 claims. Furthermore, Plaintiffs conceded in their Consolidated Response that all Defendants should be dismissed in their individual capacities leaving only Plaintiffs' allegations against Defendants in their official capacities.

Because Plaintiffs have conceded that their individual capacity claims should be dismissed and a section 1981 claim can only be asserted against officials acting in their individual capacities, the Court concludes that Plaintiffs have failed to state a claim pursuant to section 1981. Therefore, those claims are dismissed.

### *II. Section 1983 Claims*

As discussed above, section 1983 provides an exclusive remedy for violations against state actors sued in their official capacities. In analyzing Plaintiffs' section 1983 claims, the threshold question is whether Plaintiffs have adequately stated their claim for the violation of a federally-protected privacy right in the expungement of criminal arrest records. The Court holds that Plaintiffs have failed to state such a claim.

### A. *Bird v. Summit County, Ohio*

Despite Plaintiffs' efforts to argue otherwise, the Court finds that the case of *Bird v. Summit County*, *Ohio* is dispositive of the question presented here. In *Bird*, the Sixth Circuit considered the issue of whether a plaintiff could maintain a section 1983 cause of action against various city and county officials who had failed to completely expunge his arrest record as ordered by the Akron Municipal Court. The Akron court determined that there was no cause for Jeffrey Bird's arrest and issued a dismissal and expungement order. The Office of the Clerk of Court complied with the expungement order and returned to Bird all materials relating to Bird's

10

arrest. However, the Summit County Sheriff's Office and the Ohio Bureau of Criminal Identification did not return the records they had received. The Circuit Court noted that Bird had never made any request to those agencies for return of the records. In his complaint, Bird alleged that the existence of his criminal arrest records in the files of those agencies had deprived him of employment opportunities.

The United States District Court for the Northern District of Ohio granted a Rule 12(b)(6) motion finding that the Akron Municipal Court had complied with the expungement order. The District Court further held that the order was not binding on Summit County or its officials. On appeal Bird argued that the expungement order imposed a duty on Akron to request the return of documents from other agencies.

Rather than consider whether there was such a duty or whether Bird's right to seek employment had been infringed, the Sixth Circuit simply ruled that Bird had failed to state a claim upon which relief could be granted under section 1983.[15] Citing the U.S. Supreme Court precedent of *Paul v. Davis*, the Sixth Court held that even if Bird's expungement order was violated, Bird had failed to state a claim for the deprivation of a constitutional right because "(a) state is not constitutionally required to expunge an arrest record."[16] As a result, the Court stated that the Akron court's failure to completely comply with an expungement order was only a question of Ohio state law, not a federal constitutional violation.

In light of the binding precedent in *Bird*, the Court holds that Plaintiffs in this case have

---

[15] 730 F.2d 442, 444 (6th Cir. 1984).

[16] *Id*. (citing *United States v. Schnitzer,* 567 F.2d 536, 539 n. 5 (2d Cir. 1977); *Herschel v. Dyra,* 365 F.2d 17, 20 (7th Cir.), *cert. denied,* 385 U.S. 973, 87 S.Ct. 513, 17 L.Ed.2d 436 (1966).

failed to state a section 1983 claim. The Court disagrees with Plaintiffs' argument that *Bird* is factually and legally distinguishable from the case at bar. Contrary to Plaintiffs' assertion, the facts in *Bird* were sufficiently developed before the Sixth Circuit. Like Jeffrey Bird, Plaintiffs allege that they were placed under arrest but never convicted of an offense. Following various outcomes in their individual cases, Plaintiffs like Bird received orders of expungement, which should have cleared any public record of the arrests.[17] However, in both cases, some if not all of the arrest records were never expunged.[18] Nothing in the facts of the these two cases appears to be distinguishable.

As for any legal distinctions, the Court holds that the same legal reasoning in *Bird* should apply to the claims in this case. Plaintiffs contend that "*Bird* does not address whether there was a right to privacy that Defendants breached by failing to expunge records." To be sure, Bird never alleged that his constitutional right to privacy had been invaded. Rather he alleged that the failure to expunge the records in his case had deprived him of employment opportunities. The named Plaintiffs in this case have made the broader allegation that the failure to execute their orders of expungement has resulted in an invasion of their constitutional right to privacy.

Plaintiffs rightly point out that the Supreme Court has found in the U.S. Constitution the right to privacy in a variety of areas of life. However, the constitutional right to privacy has

---

[17] The Court recognizes that the plaintiff in *Paul v. Davis*, a decision upon which the *Bird* court relied, never obtained an order of expungement unlike Bird and Plaintiffs in the case at bar. However, it appears that this factual difference was not distinguishable to the Sixth Circuit when it reached its ruling in *Bird*, and so it is not material to this Court either.

[18] Based on the pleadings, it appears that none of Plaintiffs records were ever expunged; whereas, in *Bird*, the plaintiff had some of the copies of his record expunged but not all. The Court does not believe that this distinction is material to its analysis.

specific contours and limitations. In *Paul v. Davis*, the Supreme Court had occasion to consider the individual's right to privacy in the context of his or her criminal arrest records. In that opinion, the Court contrasted the right to privacy in criminal arrest records to other rights of privacy in "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education":

> Respondent's claim is far afield from this line of decisions. He claims constitutional protection against the disclosure of the fact of his arrest on a shoplifting charge. His claim is based, not upon any challenge to the State's ability to restrict his freedom of action in a sphere contended to be "private," but instead on a claim that the State may not publicize a record of an official act such as an arrest. None of our substantive privacy decisions hold this or anything like this, and we decline to enlarge them in this manner.[19]

While Jeffrey Bird did not specifically plead a violation of his constitutional privacy rights, it seems obvious to this Court that the Sixth Circuit clearly had the right to privacy in mind when it held that Bird had failed to allege "anything that might constitute deprivation of a constitutional right." After all, the *Bird* court cited *Paul* for the proposition that "a claim that the state may not publicize a record of an official act such as an arrest" failed to state a claim for relief under section 1983. More specifically, the *Bird* Court pincited the very section of the *Paul* decision where the Supreme Court ruled that the right to privacy does not include an individual's right to keep his arrest record from being publicized.[20] Moreover, *Bird* has continued to be cited for the proposition that there is no constitutional right to expunge arrest records in the name of

---

[19] *Paul v. Davis*, 424 U.S. 693, 713, 96 S.Ct. 1155, 1166 (U.S. 1976).

[20] *Bird*, 730 F.2d at 444. Plaintiffs might counter that the Sixth Circuit never specifically discussed the right to privacy in *Bird*, yet it is also true that the Circuit Court never discussed any specific rights in reaching its conclusion that Bird had failed to plead the deprivation of a constitutional right.

13

individual privacy.[21] There can be no doubt then that the *Bird* court considered a potential violation of the right to privacy in that case. Therefore, the Court holds that *Bird* did address whether there was a right to privacy that Defendants breached by failing to expunge records, and so that case must control here.

## B. The Government's Strong Interest in Disclosure

Plaintiffs have also cited a variety of cases addressing what the Fifth Circuit referred to as the "confidentiality strand of privacy" in support of their claim that the failure to expunge was a violation of a protected constitutional right to privacy.[22] More specifically, Plaintiffs argue that the cases cited stand for the principle that the government must demonstrate a strong interest in the disclosure of what would otherwise be private information. Before the Court considers that argument and the cases Plaintiffs have cited, the Court would first need to find that the government has disclosed information in which Plaintiffs have a constitutionally-protected privacy interest. As discussed above, *Bird* stands for the proposition that an individual has no constitutionally-protected privacy right against the publicizing of a criminal arrest record. Therefore, the Court need not reach whether Defendants had a strong government interest in the disclosure of Plaintiffs' criminal arrest records because no privacy right attached to the records

---

[21] See *Hill v. Seiter*, 837 F.2d 475 (6th Cir. 1988) (unpublished); *August v. City of Los Angeles*, 848 F.2d 1242 (9th Cir. 1988) (unpublished) ("There is no federal right to have arrest records expunged. (Citation omitted) The dissemination of arrest record information does not violate the fourteenth amendment nor the right to privacy under the United States Constitution. *Paul v. Davis*, 4224 U.S. 693, 713 (1975)"). *See also Ward v. Wolfenbarger*, 340 F.Supp.2d 773, 777 (E.D. Mich. 2004); *State v. Hamilton*, 665 N.E.2d 669 (Ohio 1996); *State v. Gerber*, 2006 WL 2916038 (Ohio Ct. App. 2006) (unreported); *State v. Blank*, 2005 WL 1252550 (Ohio Ct. App. 2005) (unreported).

[22] *Plante v. Gonzalez*, 575 F.2d 1119, 1133 (5th Cir. 1978)

to begin with.

Nevertheless, due to the dispositive nature of Defendants' Motions to Dismiss, the Court will address the specific cases Plaintiffs have cited. As an initial matter, the Court notes that of the five cases cited where privacy rights are discussed, in only one case did the appellate court find that there had been a violation of an individual's constitutional right to privacy. Thus, the Court finds these cases largely unpersuasive and inapplicable to the issues in this matter. First, Plaintiffs cite the general privacy principles enunciated in the Supreme Court decisions *Whalen* and *Nixon*. In *Whalen*, which involved a New York-state regulation requiring doctors to notify the state when they prescribed Schedule II drugs,[23] the Supreme Court concluded that the New York system with its safeguards to protect the information presented no invasion of patient privacy.[24] Later in the same year, the *Nixon* Court concluded that the Presidential Recordings and Records Preservation Act did not invade the former President's personal privacy.[25] Plaintiffs interpret *Whalen* and *Nixon* to stand for the proposition that there is a difference between disclosures of private information to public employees and disclosure to the general public. Accordingly, Plaintiffs argue that the government must demonstrate a strong interest to justify disclosure to the general public. However, as the Court already noted, Plaintiffs would first need to show that the information contained in their arrest records was private. Thus, the Court fails

---

[23] *Whalen v. Roe*, 429 U.S. 589 (1977). The Court would point out that the more sweeping statements concerning the right to privacy which Plaintiffs cite come from Justice Brennan's concurrence, not the majority opinion.

[24] *Whalen*, 429 U.S. at 602 ("Requiring such [private] disclosures to representatives of the State having responsibility for the health of the community, does not automatically amount to an impermissible invasion of privacy").

[25] *Nixon v. Administrator of General Services (A.G.S.)*, 433 U.S. 425 (1977).

15

to see how *Whalen* and *Nixon* would overcome the precedential holding of *Bird*.

Likewise, Plaintiffs citation to the case law of other circuits is also unavailing. *Plante v. Gonzalez* presented a challenge by five Florida state senators to the Florida sunshine law requiring public officials to disclose private financial affairs. After a detailed discussion of the right to privacy and the decisions in *Whalen* and *Nixon*, the Fifth Circuit concluded that the Florida law did not violate the privacy rights of the senators.[26] Again, due to Plaintiffs' failure to establish a privacy right in their criminal arrest records, the Court finds *Plante* off-point.

Another Fifth Circuit case, *Fadjo v. Coon*, 633 F.2d 1172 (5th Cir. 1981), which notably is the only case Plaintiffs cite in which a court determined that privacy rights were violated and permitted a section 1983 claim, presents a markedly different set of facts than those presented here. In that case Donald Fadjo cooperated with the state during a murder investigation and disclosed highly personal information to the state attorney but only after he had received assurances of total confidentiality. In due course, the state attorney betrayed those confidences and revealed Fadjo's personal information to a credit investigator. This investigator was working for six different life insurance companies who had issued policies on the life of the deceased and on which Fadjo was the named beneficiary. The Fifth Circuit in this case did determine that the state attorney had violated Fadjo's constitutional privacy rights under color of state law and that Fadjo had stated a claim for those violations under section 1983. Unlike *Fadjo*, the case at bar does not involve an affirmative act of disclosure on the part of Defendants. Rather Plaintiffs accuse Defendants of an omission, that is, their negligent failure to comply with

---

[26] *Plante*, 575 F.2d at 1135 (analyzing *Whalen* and *Nixon* in order to discern what level of scrutiny should apply to Florida's Sunshine Law).

a court's expugement order. Additionally, unlike the Fadjo defendants, Defendants in this case were never entrusted with *confidential* information. While Fadjo's personal information was undisputedly private, the Court does not even reach the question of whether Plaintiffs' criminal arrest records in this case were private at all or, to take the matter further, whether an order of expungement amounts to an assurance or promise to Plaintiffs that their records would be kept private as Plaintiffs argue. Therefore, *Fadjo* is inapplicable to this case.

Finally, Plaintiffs cite *United States v. Westinghouse Electric Corp.*, 638 F.2d 570 (3d Cir. 1980) for the principle that the government must have a strong interest in disclosure. The Third Circuit recognized that there is a strong public interest in facilitating the research and investigations of National Institute for Occupational Safety and Health ("NIOSH") which justified minimal intrusion into employees' privacy, namely, their medical records. Thus, the employer was not justified in refusing to give NIOSH access to records. Again aside from the general idea that there must be a strong interest in disclosure, nothing in *Westinghouse* alters the Court's analysis of Plaintiffs' section 1983 claims.

Therefore, the Court finds that all of the case law cited by Plaintiffs does nothing to distinguish *Bird* from the case at bar.

### *III. Statute of Limitations, Qualified Immunity, and Other Arguments*

In light of the fact that the Court has ruled that Plaintiffs have failed to state a section 1981 or 1983 claim, the additional issues raised in Defendants' Motions are moot.[27] The Court

---

[27] *See Bird*, 730 F.2d at 444 n.1 ("We also need not decide the validity of the defendants' arguments that Bird's claim is barred by the statute of limitations, that various defendants are

declines to consider whether the statute of limitations as to John Doe 1's claim has expired, whether Defendants have successfully pled their qualified immunity to Plaintiffs' allegations, or whether Plaintiffs have pled a claim against Criminal Court Clerk Key.

## CONCLUSION

Plaintiffs have failed to state claims pursuant to 42 U.S.C. §§ 1981 or 1983. Therefore, Defendant Larry Godwin's Motion to Dismiss (D.E. # 36); Defendants' AC Wharton, Jr., Mark H. Luttrell, Jr., William R. Key, Chris Turner, Frank Cooper, Harvey Henderson, Helen R. Wren First Motion to Dismiss (D.E. # 39), and Defendant Willie W. Herenton's Motion to Dismiss (D.E. # 41) are **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 1, 2008.

---

protected by immunity, or that the governmental bodies are not responsible for their employees' actions").